STATE OF NORTH CAROLINA v. EDWARD WILLIAM HARWOOD

No. 7028SC492

(Filed 18 November 1970)

1. Larceny § 7— felonious larceny — sufficiency of evidence for jury

In a prosecution for felonious larceny, there was ample evidence of each element of the felony of larceny as charged, including the ownership of the property by the individuals named in the indictment and the value thereof, to require submission of the case to the jury.

2. Larceny § 8— felonious larceny — instructions — valuation of stolen property

> In this prosecution for felonious larceny, the trial court did not fail to define properly the method of evaluation of the stolen property.

APPEAL by defendant from *Beal, Special Judge of the Superior Court,* 23 February 1970 Special "A" Session of Superior Court held in BUNCOMBE County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the larceny of property of Eugene Swinger and Billy Ellis of the value of $540.

The evidence for the State tended to show that the defendant, together with Charles Leon Bartlett, on 31 January 1970, went to the place of business in Asheville operated as a partnership by Eugene Swinger and Billy Ellis and known as "Fritschy's Garage and Wrecker Service" (Fritschy's Garage). Bartlett backed a Ford pickup into the driveway of Fritschy's Garage and there he removed the dolly wheels and truck chains from a wrecker, without permission, and put them on the pickup. T. A. Henderson, an employee of Fritschy's Garage, testified that he saw this and took the keys out of the pickup; then "they rolled the truck off while I was calling the police." The police found the pickup about three blocks from Fritschy's Garage at a parking lot. When the police arrived, the dolly, the chains, the defendant and Bartlett were all in the pickup. The dolly wheels taken were worth about $250 and the wrecker tire chains were worth about $90, and these dolly wheels and chains were owned by Eugene Swinger and Billy Ellis as partners. The State's witness, Billy Ellis, testified: "Mr. Swinger and I owned these dolly wheels and chains as partners."

The defendant offered evidence which, in substance, tended to show that the dolly wheels and wrecker tire chains were owned by a corporation; that Eugene Swinger and Billy Ellis, as individuals, were not the owners thereof; and that the dolly wheels were worth $85.60, the chains were worth $97.45, and both had a total value of less than $200.

From a verdict of guilty as charged and the imposition of an active prison sentence of two years, the defendant appealed. The record on appeal does not show the actual sentence imposed, but the Clerk of Superior Court of Buncombe County, at the request of the Clerk of the Court of Appeals, sent a certified copy of the judgment herein showing the sentence imposed.

State v. Acuff

*Attorney General Morgan and Assistant Attorney General Weathers for the State.*

*Fred D. Poisson for defendant appellant.*

MALLARD, Chief Judge.

[1]   The defendant's first assignment of error is to the denial of his motion for judgment as of nonsuit made at the close of all the evidence. There was ample evidence of each element of the felony of larceny as charged, including the ownership of the property and the value thereof, to require submission of the case to the jury, and this assignment of error is without merit.

[2]   The defendant assigns as error certain portions of the charge and also asserts that the court failed to properly define the method of evaluation of the stolen property set forth in the indictment. When the charge is read as a whole, we are of the opinion and so hold that no prejudicial error is made to appear therein.

We have examined all of defendant's assignments of error that are brought forward, and in the trial we find no prejudicial error.

No error.

Judges PARKER and HEDRICK concur.